

**FILED**
December 20, 2023 09:31 AM
SX-2009-CV-00110
TAMARA CHARLES
CLERK OF THE COURT

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

APPELLATE DIVISION

GOVERNMENT OF THE VIRGIN ISLANDS, )
DEPARTMENT OF EDUCATION, )
                            )
           Petitioner, )
                            )
    v. )
                            )
ST. THOMAS/ST. JOHN EDUCATIONAL )
ADMINISTRATORS' ASSOCIATION and )
PUBLIC EMPLOYEES RELATIONS BOARD, )
                            )
          Respondents. )

**CIVIL NO. SX-2009-CV-00110**

PETITION FOR WRIT OF REVIEW

**VI SUPER 79U**

## MEMORANDUM OPINION and ORDER

¶1      By Order entered June 18, 2010 ("Order Granting Writ"), the Court granted Petitioner Government of the Virgin Islands, Department of Education's ("Government" or "DOE") Petition for Writ of Review ("Petition"), filed February 27, 2009, following Petitioner's September 28, 2009 Motion to Grant Writ of Review and to Issue Briefing Schedule.[1] The Petition sought relief from Respondent Public Employees Relations Board's ("PERB") Decision and Order dated February 18, 2009. Therein, in deciding Respondent Education Administrators' Association's ("EAA") grievance alleging due process violations regarding the termination of DOE employee Anya Sebastien, PERB found that DOE had not committed an unfair labor practice, but nonetheless ordered the parties to arbitration. PERB filed its Notice to the Court of Request to Remand Case to PERB ("Remand Request") on August 25, 2010, objected to by Petitioner's Objection, filed September 9, 2010. Pursuant to the briefing schedule established by the Court's Order Granting Writ, Petitioner filed its Brief in Support of Petition for Writ of Review ("Petitioner's Brief") on July 22, 2010, and filed its Motion to Rule on the Pleadings on June 14, 2022. Neither Respondent EAA nor Respondent PERB filed a brief. For the reasons that follow, the Court will grant Petitioner's request to vacate PERB's

---

[1] The Petition was granted on June 2, 2010 by an Order virtually identical to the Order Granting Writ entered June 18, 2010, the only difference being that the earlier Order did not require a responsive brief from Respondent St. Thomas/St. John Education Administrators' Association ("EAA"), while the subsequent Order Granting Writ "Ordered that Respondents PERB and St. Thomas/St. John Educational Administrators' Association shall serve and file their response briefs within thirty (30) days after service of Petitioner's brief."

Decision and Order dated February 18, 2009, but will remand the case to PERB for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2      On February 27, 2009, Petitioner filed its Petition, asking the Court to review and vacate PERB's February 18, 2009 Decision and Order in *STT/STJ EAA v. DOE* (PERB-ULPC-08-75T).[2] The record shows that on August 29, 2005, Anya Sebastien was appointed to the position of Assistant Commissioner of DOE, the second highest ranking position within DOE, and a position within the exempt service. On August 25, 2007, the Department temporarily assigned Anya Sebastien to the position of Acting Principal at the Jane E. Tuitt Elementary School on St. Thomas. As Acting Principal, Sebastien was placed on the same pay plan as the classified position of school principal. Sebastien was charged with performing all of the responsibilities and functions of a school principal in accordance with the Collective Bargaining Agreement ("CBA") between DOE and EAA, in force at all times relevant herein. EAA considered Sebastien a member of its bargaining unit.

¶3      Subsequently, on January 10, 2008, Governor John DeJongh terminated Sebastien from the position of Acting Principal, effective January 11, 2008. On January 31, 2008, EAA filed a grievance on behalf of Sebastien under the CBA alleging that the Department violated the CBA by dismissing Sebastien without due process and seeking the relief of Sebastien's immediate reinstatement or placement in a comparable position with comparable pay. On February 1, 2008, the Department responded and informed EAA that it was not entitled to the relief requested and that there was no violation of the CBA.

¶4      On February 12, 2008, EAA wrote to the Office of Collective Bargaining, demanding arbitration pursuant to Article V, Section 5, of the parties' CBA. On February 20, 2008, DOE informed EAA that it was rejecting the demand for arbitration because Sebastien was in a temporary position and had not been appointed to the position in accordance with the Personnel Merit System[3], thus, she was not entitled to the same rights and protections as permanent employees under the CBA.

---

[2] With the Petition, DOE filed its Emergency Motion for Stay of PERB's Order dated February 18, 2009, granted by Order entered March 2, 2009.

[3] Title 3 V.I.C. § 451 codifies the Virgin Islands Personnel Merit System and "divides all positions in the government service into two categories: the 'career service' ... and the 'exempt service'...." *Richardson v.*

*Gov't of the V.I., Dept of Educ. v. St. Thomas/St. John Educ. Admin. Assoc. and PERB*, SX-2009-CV-00110
Memorandum Opinion and Order
Page 3 of 8

VI SUPER 79U

¶5 The proceedings before PERB began with EAA's May 6, 2008 filing of a charge of unfair labor practices on behalf of Sebastien, against DOE, alleging violations of 24 V.I.C. §§ 378(a) (1), (2), (3), (4), (7), and (8) of the Virgin Islands Public Employees Labor Relations Act ("PERLA" or "the Act"), and Article V, Section 5, Steps 3, 4, and 6 of the parties' CBA.

¶6 Specifically, EAA argued that: Sebastien, as school principal, performed all of the required functions and responsibilities of a principal, thus, she was a member of its bargaining unit and entitled to due process in accordance with the grievance procedure of the CBA; Sebastien was duly placed in the position of acting school principal and was placed on the same pay plan as other school principals; Sebastien was terminated illegally without due process; EAA has a legal right to represent all school principals under the provisions of the CBA; with respect to Sebastien, DOE breached the CBA by partially providing due process, but then willfully refusing to comply with the remainder of the due process requirements; and that PERB should order the parties to arbitration.

¶7 On May 8, 2008, DOE filed an Answer and General Denial. On July 9, 2008, DOE filed a Motion to Dismiss. DOE argued that: the matter is not arbitrable because Sebastien was placed in an acting position due to staffing shortages, which is an inherent right of management to ensure efficient running of management operations; EAA does not have a representation certificate to represent temporary employees, or acting principals, thus, EAA does not have standing to represent the position or Sebastien and the matter should be, therefore, dismissed.

¶8 The matter came before PERB at its January 23, 2009 meeting. After reviewing the evidence presented and the arguments raised by the parties, PERB entered its Decision and Order on February 18, 2009, dismissing EAA's charge of unfair labor practice against DOE, finding that there

---

*Felix*, 856 F.2d 505, 508 (3d Cir .1988) (emphasis added) (citing 3 V.I.C. § 451a). The DOE is in the Executive Branch of the government, 3 V.I.C. § 91 (1995), and section 451a(c) provides that "[a]ll positions in the Executive Branch of the United States Virgin Islands Government not exempted under subsection (b) of this section shall be in the career service." *Id.* § 451a. Furthermore, section 451 defines "regular employee" as "an employee who has been appointed to a position in the [career] service in accordance with [chapter 25 of title 3] after completing his working test period." 3 V.I.C. § 451. Section 451 uses the term "classified service," which is synonymous with the term "career service." *See* 3 V.I.C. § 451a(d). Thus, for Sebastien to be considered a regular employee entitled to the same rights and protections as permanent employees under the CBA she must show: (1) that she was appointed to a position in the classified service; 2) that her appointment was in accordance with chapter 25 of title 3; and (3) that she completed her working test period. Since DOE did not believe Sebastien met the foregoing requirements to be deemed a permanent employee, DOE did not consider Sebastien a member of the EAA bargaining unit and a party to the CBA.

*Gov't of the V.I., Dept of Educ. v. St. Thomas/St. John Educ. Admin. Assoc. and PERB*, SX-2009-CV-00110
Memorandum Opinion and Order
Page 4 of 8

VI SUPER 79U

was no reasonable basis to believe that DOE had violated the Act. However, PERB did not deny and dismiss the grievance, but, rather, referred the alleged contractual violation to arbitration, ordering the parties to: 1) select an arbitrator within thirty (30) calendar days of the entry of the Decision and Order; 2) commence arbitration within sixty (60) days of selecting an arbitrator; and 3) submit a written report to PERB of the steps taken to comply, and to submit a report every thirty (30) days thereafter.

¶9      In reaching its conclusion that there were no violations of PERLA, PERB cited the language of the Act stating, in pertinent part, "that no employee may avail himself of more than one grievance procedure for the resolution of a particular grievance and/or dispute." 24 V.I.C. § 374(d). PERB reasoned that since EAA had already utilized the grievance process contained in the parties' CBA by filing a grievance with DOE, a ruling on the merits by PERB would amount to multiple rulings on the matter, effectively permitting EAA to forum shop, in contravention of the clear language of the Act. Citing *Local 1825 v. DOE*, PERB-ULPC-98-61, Decision and Order dated August 27, 1999, and a line of other PERB cases, PERB reaffirmed the principle that where the parties to a charge have agreed upon a method for resolving disputes arising in the workplace, that method should be deferred to whenever the subject matter of the charge is capable of final resolution thereunder. Concluding that the two issues raised regarding the CBA by the parties were ones of contract interpretation — whether EAA had standing to arbitrate on behalf of Sebastien, and whether the CBA was violated when Sebastien was terminated - PERB held that these questions should be resolved by an arbitrator to interpret the relevant provisions of the CBA.

¶10     In its Petition, DOE asked the Court to vacate PERB's Decision and Order dated February 18, 2009. On June 2, 2010, the Court entered its Order Granting Writ, ordering the parties to submit briefs pursuant to a briefing schedule set forth. After PERB's submission of the administrative record, on July 22, 2010, DOE filed its Petitioner's Brief, arguing that the Court should vacate PERB's February 18, 2009 Decision and Order for the following reasons: (1) PERB erred in ordering the parties to arbitration after finding that there was no violation of PERLA; (2) PERB erred in ruling that the underlying matter was arbitrable; and (3) PERB erred by not precluding EAA from arguing that Sebastien was entitled to due process.

¶11    Ignoring the directive of the Order Granting Writ, Respondent EAA did not file a response brief following service of Petitioner's Brief. Respondent PERB also filed no brief but filed its Remand Request on August 25, 2010. In its Remand Request, PERB admitted that it did not consider DOE's appointment procedures for professional employees, a prerequisite to the determination of whether a DOE employee was a member of the EAA bargaining unit with due process rights under the CBA, and asked the Court to remand the case to PERB for further proceedings.

¶12    Petitioner's Objection to PERB's Remand Request argues that there is no need to remand the case to PERB as this Court has enough information on the record to vacate PERB's Decision and Order. Petitioner argues that since the only issue for PERB to decide was whether the Government violated the Act when it refused to arbitrate, and because PERB made a finding that the Government did not violate the Act, there is no need to remand the case to determine whether Sebastien was appointed in accordance with DOE procedures.

## LEGAL STANDARD

¶13    The Appellate Division of the Superior Court of the Virgin Islands has jurisdiction over all appeals from "[a]ny party aggrieved by any final order of the PERB issued under section 530 or 531" of title 3 of the Virgin Islands Code. 3 V.I.C. § 530a(a); V.I. R. Civ. P. 91(a) ("A writ of review may be granted by the court upon the petition of any party to any proceeding before, or aggrieved by, the decision or determination of an officer, board, commission, authority or other tribunal established by statute. Such petition shall be filed with the Appellate Division."). "An application for review must be filed within 30 days after the date of the Final Order ...." 3 V.I.C. § 530a(a). In the instant case, PERB issued its Decision and Order on February 18, 2009. The Government timely filed a petition for review on February 27, 2009. Therefore, the Superior Court has jurisdiction over PERB's February 18, 2009 Decision and Order.

¶14    "When hearing an appeal from the PERB, the Superior Court functions as an appellate court." *V.I. Narcotics Strike Force v. Gov't of the V.I. Pub. Emples. Rel. Bd.*, 60 V.I. 204, 218 (V.I. 2013) (citing 3 V.I.C. §§ 530a(a)-(c)). "[A]ll questions of fact determined by the PERB shall be conclusive, if supported by substantial evidence in the record considered as a whole." 3 V.I.C. § 530a(b). "The rules of procedure of the Superior Court regarding a writ of Review shall govern the

*Gov't of the V.I., Dept of Educ. v. St. Thomas/St. John Educ. Admin. Assoc. and PERB*, SX-2009-CV-00110
Memorandum Opinion and Order
Page 6 of 8

VI SUPER 79U

appeal proceeding." *Id.* § 530a(a). However, "[n]o objection not made before the PERB shall be considered in a review by the Superior Court, unless the failure to make the objection is excused by the court because of extraordinary circumstances." *Id.* § 530a(b). "In reviewing a final order of the PERB, the [Superior C]ourt may enforce the order, modify the order and enforce it, set the order aside, or return the matter to the PERB with instructions for further proceeding[s] ...." *Id.* § 530a(c).

## DISCUSSION

¶15     In this matter, the Court is asked to decide whether PERB erred in ordering the parties to arbitration after finding that there was no violation of the Public Employees Labor Relations Act.

¶16     PERB's decision to defer the alleged contractual violation to arbitration is unsupportable based on the administrative record. The United States Supreme Court has recognized that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960). This principle recognizes the reality that "arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration." *AT & T Techs., Inc. v. Commun. Workers of Am.*, 475 U.S. 643, 648 (1986). Therefore, "the question of arbitrability—whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance—is undeniably an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *Id.* at 649.

¶17     It is evident from the record that there was a disagreement between the parties as to whether they were subject to the CBA's arbitration clause in the first instance. DOE did not regard Sebastien a party to the CBA on the premise that Sebastien was in a temporary position and was not appointed to the position in accordance with the Personnel Merit System. EAA, on the other hand, argued that Sebastien, as a school principal who performed the required functions and responsibilities of a principal, was a member of its bargaining unit.

¶18     In *John Wiley & Sons, Inc. v. Livingston*, the U. S. Supreme Court held that whether or not a party was required to arbitrate, "'as well as what issues it must arbitrate, is a matter to be determined by the Court on the basis of the contract entered into by the parties.' ... The duty to arbitrate being of contractual origin, a compulsory submission to arbitration cannot precede judicial

*Gov't of the V.I., Dept of Educ. v. St. Thomas/St. John Educ. Admin. Assoc. and PERB*, SX-2009-CV-00110
Memorandum Opinion and Order
Page 7 of 8

VI SUPER 79U

determination that the collective bargaining agreement does in fact create such a duty." *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 546-47 (1964). Therefore, because there was a genuine question as to the arbitrability of the dispute, PERB should have determined that question, and should not have referred the matter case to arbitration.

¶19     Furthermore, the Legislature has assigned to PERB the responsibility to "determine an appropriate bargaining unit of public employees by identifying the specific class or classes of employees or identifying positions the employees of which shall be members of a unit[.]" 24 V.I.C. § 370. Therefore, in the context of determining the appropriate bargaining unit of public employees, and, consequently, deciding whether an employee is a party to a CBA, the Legislature has delegated to PERB what is otherwise a judicial determination. Here, the question of whether Sebastien was a party to the CBA was predicated on her employee classification, a determination which PERB was statutorily required to make in lieu of referring its legal responsibility to arbitration.

¶20     As the record indicates, and as PERB in its Remand Request admits, the salient questions of whether Sebastien was party to the CBA, and consequently, whether the matter between DOE and EAA was arbitrable, were never considered during the administrative proceedings. These are questions which go the heart of PERB's jurisdictional determination, and, as such, the Legislature has entrusted their resolution to PERB's expertise in the first instance. *See generally* 24 V.I.C. § 379 (PERB review of alleged violations); 3 V.I.C. § 530(a) (limiting PERB jurisdiction to complaints filed by regular employees); see also See 3 V.I. CODE R. § 530–1(a), (s) (Weil 1999) (providing for PERB jurisdictional review).

> In such circumstances a judicial judgment cannot be made to do service for an administrative judgment. Nor can an appellate court ... intrude upon the domain which [the Legislature] has exclusively entrusted to an administrative agency. A court of appeals is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry. Rather, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

*I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (citations and quotation marks omitted, ellipsis in original).

¶21     Therefore, the Court concludes that vacating PERB's Decision and Order and remanding the case back to PERB is the appropriate course of action in this instance. PERB has not

*Gov't of the V.I., Dept of Educ. v. St. Thomas/St. John Educ. Admin. Assoc. and PERB,* SX-2009-CV-00110
Memorandum Opinion and Order
Page 8 of 8

VI SUPER 79U

yet determined Sebastien's employee classification and, as a result, whether she was a member of the EAA bargaining unit and a party to the CBA. That is, PERB never correctly determined whether the dispute was arbitrable.

¶22   For the foregoing reasons, the Petitioner's two remaining contentions, that PERB erred in ruling that the underlying matter was arbitrable, and that PERB erred in not ruling that EAA should be precluded from arguing that Sebastien was entitled to due process, are subsumed under this finding and Order.

In light of the foregoing, it is hereby

ORDERED that Petitioner's Petition is granted, in part. The Decision and Order in *STT/STJ EAA v DOE* (PERB-ULPC-08-75T) is vacated. It is further

ORDERED that the Petition is denied in its prayer that this Court determine that Anya Sebastien was not a member of the EAA bargaining unit; and the case is Remanded to PERB to make such determination and for further proceedings consistent with this Opinion and Order. It is further

ORDERED that Respondent's Notice to the Court of Request to Remand Case to PERB is denied as moot. It is further

ORDERED that this case is CLOSED.

DATED: December / 8, 2023.

DOUGLAS A. BRADY, JUDGE

**ATTEST:**
TAMARA CHARLES
Clerk of the Court

By: _____
Court Clerk Supervisor

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
December 20, 2023 09:32 AM
SX-2009-CV-00110
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

| | |
|---|---|
| **GOVERNMENT OF THE VIRGIN ISLANDS DEPARTMENT OF EDUCATION,** | Case Number: **SX-2009-CV-00110** <br> Action: **Writ of Review** |
| Petitioner, | |
| **v.** | |
| **ST.THOMAS/ST.JOHN EDUCATIONAL ADMINISTRATORS' ASSOCIATION AND PUBLIC EMPLOYEES RELATIONS BOARD,** | |
| Respondents. | |

## NOTICE of ENTRY
## of
## <u>Order</u>

**To:** Zuleyma M. Chapman, Esq.          Ryan C. Stutzman, Esq.

Larry Raymond Roy, Esq.

**Please take notice that on December 20, 2023** a(n) **Memorandum Opinion and Order** dated **December 18, 2023** was/were entered by the Clerk in the above-titled matter.

**Dated:** December 20, 2023

**Tamara Charles**
**Clerk of the Court**

By:

**Sharisse Bascombe**
**Court Clerk Supervisor**